IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TONY A. WADE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:17CV705 |
| ) | |
| TRANSPORT REFRIGERATION ) | |
| SERVICES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

ORDER AND RECOMMENDATION

This employment discrimination case is before the Court on a Motion to Dismiss [Doc. #13] filed by improperly-named Defendant John W. Gerber. In this case, Plaintiff asserts claims against his former employer, identified in the Complaint as Transport Refrigeration, Inc., and various supervisors and co-workers. One of the individuals named in the Complaint is John W. Gerber. After he was served, Defendant Gerber filed a Motion to Dismiss, asserting that he is mis-named as a Defendant in this case, that he never worked for Transport Refrigeration, Inc., and that he does not know Plaintiff. In addition, Defendant Gerber has submitted an affidavit from the Human Resources Administrator at Transport Refrigeration, confirming that Defendant Gerber has never been an employee, but noting that the correct name of their employee is John W. Garber, with an address in Haw River, North Carolina. It appears that counsel for Defendants have agreed to accept service for John W. Garber, and Defendants have asked the Court to substitute John W. Garber for the improperly-named John W. Gerber.

Based on the information presented, the Court will recommend that the Motion to Dismiss be granted as to John W. Gerber. Plaintiff is proceeding in this case *in forma pauperis*. The *in forma pauperis* statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Here, the claims against John W. Gerber are frivolous, as he is clearly not the individual employed by Transport Refrigeration Services, Inc. and is not the individual against whom Plaintiff's factual allegations are made. Therefore, the claims against John W. Gerber should be dismissed.

Because Plaintiff is proceeding *pro se*, the Court will allow Plaintiff to amend his Complaint to substitute John W. Garber for John W. Gerber to correct the misnomer and assert his claims against the John W. Garber who is employed by Transport Refrigeration. In addition, the Court notes that Defendants have also represented that although Plaintiff named his employer as "Transport Refrigeration, Inc.," Plaintiff was actually employed by Transport Refrigeration Services, Inc., an affiliate of Transport Refrigeration, Inc. Plaintiff's EEOC charge was filed against Transport Refrigeration Services, Inc. Therefore, the Court will also allow Plaintiff to amend his Complaint to substitute Transport Refrigeration Services, Inc. for Transport Refrigeration, Inc., so that the case can proceed against the properly-named Defendant. In light of Plaintiff's *pro se* status, and in the interest of efficiency, the Court will not require any further filings to make those corrections, and the Court will order the substitution and correction of those misnomers.

The Court notes that the Defendants have also filed a Partial Motion to Dismiss that has not been fully briefed. Therefore, the Court will wait until that matter has been fully briefed before considering the issues raised in the Partial Motion to Dismiss.

IT IS THEREFORE RECOMMENDED that the Motion to Dismiss [Doc. #13] filed by John W. Gerber as an improperly-named defendant be granted pursuant to 28 U.S.C. § 1915(e)(2).

IT IS ORDERED that "John W. Garber" is substituted for "John W. Gerber," and "Transport Refrigeration Services, Inc." is substituted for "Transport Refrigeration, Inc.," so that the suit can proceed against the properly-named parties.

This, the 15th day of February, 2018.

/s/ Joi Elizabeth Peake
United States Magistrate Judge
